UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND DIVISION

CIVIL ACTION NO. 05-CV-202-HRW

JOSEPH HAROLD CLARK                                                                  PLAINTIFF

VS:                          **MEMORANDUM OPINION AND ORDER**

GARY BECKSTROM, WARDEN, ET AL.                                          DEFENDANTS

**INTRODUCTION**

The plaintiff, Joseph Harold Clark, is an inmate confined in the Little Sandy Correctional Complex in Sandy Hook, Kentucky. Proceeding *pro se*, he has filed a civil rights complaint pursuant to 42 U.S.C. §1983 [Record No. 1]. The Court screens civil rights complaints pursuant to 28 U.S.C. §1915A. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). This is a *pro se* complaint and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines the action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

In his complaint, Plaintiff asserts that Defendants have miscalculated his good time credits and release date, as well as denied him medical care in violation of his rights under the Eighth Amendment. With respect to his medical claims, Plaintiff asserts in his complaint that certain mental health medications were making him sick and that Defendants would not give him a different medication, and that he was denied a needed liver biopsy. Plaintiff has named Gary Beckstrom,

1

Warden; David Green; Teresa Gevedon; Donna Reed; Danny McGuire; Nurse Black; Rashell Stevens; Miss Bricky; Guard Riggs; Louise Martien; and Jane Doe(s) as defendants in this proceeding. The plaintiff seeks compensatory and punitive damages as well as injunctive relief.

**DISCUSSION**

A prisoner seeking to challenge prison conditions pursuant to 42 U.S.C. §1983, *Bivens*, or other federal law must exhaust all available administrative remedies before filing suit in federal court. 42 U.S.C. §1997e(a); *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Wyatt v. Leonard*, 193 F.3d 876, 877-78 (6th Cir. 1999). The prisoner bears the burden of demonstrating that he has exhausted his administrative remedies. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). To meet this burden the prisoner must plead his claims, explain with specificity the steps undertaken to utilize available administrative remedies, and attach to the complaint copies of the agency's final decision addressing his grievance. If the prisoner demonstrates that he cannot obtain copies of the agency's final decision, he or she must describe with specificity the steps taken to utilize the administrative appeal mechanism and its outcome. *See Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000).

Because Plaintiff is a prisoner in the custody of the Kentucky Department of Corrections, the administrative procedures available to him are set forth in 501 KAR 6:010, which govern prison grievance procedures. They are referred to as "Corrections Policies and Procedures" ("CPP"). The CPP which addresses inmate grievances is found in Policy Number 14.6. According to the provisions of the *Inmate Grievance Process*, §I (1) of CPP Policy Number 14.6, a prisoner at a state correctional institution must informally attempt to grieve a claim with the Grievance Aide, the Grievance Coordinator, the department head or institutional staff. If the attempt at informal resolution fails, he must seek a hearing before the Grievance Committee [*Id.*, §(2)]. The Committee's decision must be forwarded to the warden, who is responsible for making a final

written decision [*Id.*, §2(c)-(d)]. A prisoner who is not satisfied with the warden's final decision may appeal that decision to the Commissioner of Corrections by using a specific form described in §3(a) of the *Inmate Grievance Process*.

Because Plaintiff had failed to provide the Court with documentation which demonstrated his exhaustion of available administrative remedies, on December 20, 2005, this Court entered an order directing Plaintiff to, within thirty days, complete a Form 118 explaining his efforts to exhaust his administrative remedies, and to include copies of the administrative grievance forms used [Record No. 7]. On January 9, 2006, Plaintiff submitted his response, which included a completed Form 118 and copies of a number of "Requests for Health Care" forms, as well as correspondence with the Medical Director of Kentucky's Department of Corrections [Record 10].

Plaintiff has also submitted an Inmate Grievance Information Form. However, that document references Grievance Number 05-343 and indicates that he was detained at the Kentucky State Reformatory at the time the form was completed on April 26, 2005. There is no document indicating the resolution of this grievance or that it was finally appealed.

Plaintiff has also submitted another series of documents where he appears to have pursued administrative remedies with respect to certain treatment to his hand. Those documents include a November 3, 2005 decision by the Health Care Grievance Committee, concurring with the Informal Resolution regarding his hand injury. However, that document directs plaintiff to appeal any decision to the Institutional Grievance Coordinator. Plaintiff has not supplied any documents indicating that he did so. Rather, there is a November 17, 2005 letter from Charles Williams, the Director of Operations/Programs for the Department of Corrections, advising plaintiff that his appeal should be pursued within L.S.C.C. under the CPP.

Plaintiff's documents also include a November 2, 2005 memorandum from defendant

3

Beckstrom, the warden at L.S.C.C. The "RE" line indicates it is in regard to "Dental and Medical Correspondence" and does not indicate it is in response to a formal grievance by a prisoner. Further, the letter states only that "Your medical files and dental records have been reviewed. All orders were followed as directed by the Physician and Dentist." The memorandum does not reference a grievance number, whereas other documents submitted by the plaintiff explicitly do so.

Because Plaintiff has failed to provide the Court with any documents indicating his invocation and completion of the administrative remedy process under the Kentucky Department of Corrections' CPP on his claims regarding calculation of his good time credit, prescriptions, and his liver biopsy, Plaintiff has failed to demonstrate that he has exhausted his available administrative remedies and his complaint must be dismissed. *Jones Bey v. Johnson*, 407 F.3d 801, 806, 809 (6th Cir. 2005) (where a complaint therefore asserts both exhausted and unexhausted claims, it must be dismissed without prejudice to provide the prisoner with an opportunity to exhaust the unexhausted claims); accord *Kozohorsky v. Harmon*, 332 F.3d 1141 (8th Cir. 2003); *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *Baxter v. Rose*, 305 F.3d 486, 488-89 (6th Cir. 2002) (because a prisoner may not later amend his complaint to cure the failure to plead and demonstrate the exhaustion of administrative remedies, the complaint must be dismissed without prejudice). Plaintiff has provided copies of some grievance documents with respect to other claims not mentioned in his complaint, but even these fail to show complete exhaustion, through and including a final decision by the warden at L.S.C.C. *Graham v. Perez,* 121 F.Supp.2d 317, 322 (S.D.N.Y. 2000) (where a prisoner files a grievance but fails to give prison officials adequate time to investigate and respond to the grievance before filing a complaint, the prisoner has failed to exhaust available administrative remedies).

**CONCLUSION**

Accordingly, **IT IS ORDERED** as follows:

(1)     This action is **DISMISSED**, *sua sponte*, without prejudice.

(2)     Plaintiff's (a) "Motion for Charges and Harassment Restrain Orders put on Lt. Buckler, and Lt. Wallace Over Open and Tampering with Exhibits and Legal Mail on this Case" [Record No. 5]; (b) "Motion for Order to Correct Title of Civil Action" [Record No. 6]; (c) "Motion to Correct Style of Action (to dismiss Gary Beckstrom as a party)" [Record No. 11]; and (d) "Motion for Discovery" [Record No. 12] are **DENIED AS MOOT.**

(3)     The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. §1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

(4)     This is a **FINAL** and **APPEALABLE** order.

This February 2, 2006.



Signed By:
*Henry R Wilhoit Jr.*
United States District Judge